**MAGNAFLO COMPANY, Inc., Petitioner,**

v.

**FEDERAL TRADE COMMISSION,**
Respondent.

No. 18482.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 30, 1964.

Decided Feb. 4, 1965.

Mr. Albert A. Carretta, Washington, D. C., for petitioner.

Mr. J. Richard Carr, Atty., Federal Trade Commission, with whom Messrs. James McI. Henderson, Gen. Counsel, and E. K. Elkins, Atty., Federal Trade Commission, were on the brief, for respondent.

Before BAZELON, Chief Judge, and FAHY and WASHINGTON, Circuit Judges.

PER CURIAM.

The Magnaflo Company is a small manufacturer of an automobile battery additive, "Lifetime Charge." By complaint dated June 2, 1961 and apparently served June 19, 1961, the Federal Trade Commission charged Magnaflo with numerous deceptive practices. These involved advertising slogans and certain ambiguous characteristics of the trade name, long used for petitioner's product. On June 13, 1961, the control of Magnaflo

was sold to its present owners. The record discloses no finding or basis for finding that this transfer was effected to frustrate the Commission's regulatory activities.

From the start of these proceedings, Magnaflo, through its present owners, has offered to abandon certain of the challenged slogans in dispute. Further, it has conceded that its trade name is potentially deceptive if used alone. As the hearing examiner found in his initial opinion, "lifetime" is ambiguous in its reference: battery lifetime, automobile lifetime, etc. "Charge" is ambiguous in its claim: it may be interpreted to mean that the product will *put* a charge on a battery, or merely that it will *preserve* an already existing charge. Petitioner apparently intends the name "Lifetime Charge" to represent that its product will tend to conserve existing battery charges and to extend the period of time during which a user may expect efficient performance from his battery. Petitioner's basic claim before the Commission was that the ambiguities in its trade name could be removed by qualifying phrases, and that it should be permitted continued use of that name, so qualified.

The hearing examiner's initial opinion was based entirely upon the stipulations of petitioner and a semantic analysis of its trade name and certain qualifying phrases which were then used. He concluded that these phrases were insufficient to eliminate the conceded ambiguities of "Lifetime Charge." He recommended a cease and desist order against continued use of that name, with or without qualification, as well as an order against the slogans which petitioner had agreed to discontinue. No evidence other than the stipulations and statements by the prior corporate principal, who remained a party during the initial proceedings,[1] was tendered before the hearing examiner.

Because the Commission viewed the evidence as insufficient to determine whether the trade name was susceptible of qualification which would render it non-deceptive, it remanded the cause to the hearing examiner for additional evidence and a determination on that issue. There ensued some procedural confusions —not pertinent here—during which it became apparent that neither petitioner nor the Commission could produce scientific evidence of effectiveness for a substantial period of time. Petitioner, however, made proffers before the hearing examiner to show (1) new word formulas which would eliminate the ambiguity of its trade name and (2) product merit by consumer-witnesses. At this point, matters abided for five months. Then, without any hearing or opinion by the hearing examiner, and without argument before the Commission, the Commission vacated its prior orders and adopted the initial decision of the hearing examiner.

In an opinion accompanying this action, the Commission indicated some impatience with petitioner for the delay.[2] It reasoned that it could not wait the minimum of three years petitioner had said it would need to develop scientific evidence of product effectiveness before disposing of the case; that during this period, the conceded deceptive practices could continue and the "possible deception" of "Lifetime Charge" would go on unallayed. It found that continuation of the case would not serve the public interest. In its order, it provided that "if in the future the respondents can satisfactorily demonstrate to the Commission that the trade name may be used nondeceptively, they, of course, are

---

1. He stated that scientific evidence of product effectiveness could be provided through a professor at the Case Institute of Technology and made various claims relating to product performance. These statements seem not to have been borne out by subsequent proceedings. In view of our holding, their truth is not relevant.

2. It appears from the record, however, that a maximum of two weeks delay can be attributed to petitioner. The other delays were either at the behest of Commission counsel, or unexplained, and doubtless due to the requirements of the Commission's decision process.

free to request appropriate modification of the order."

Since the Commission characterized "Lifetime Charge" as only *possibly* deceptive, and left open the opportunity for modification of its order, its order could not rest on the conclusion that petitioner's trade name is irremediably deceptive.[3] It follows that, even if the record supported such a conclusion, we could not rely upon it to sustain the order. Securities & Exchange Comm. v. Chenery Corp., 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943). The Commission appears to have held, rather, that possible public harm in the petitioner's continued use of its trade name required the remedy it chose, even if the deception could ultimately be shown to be susceptible of cure.

■ Our review of this choice of remedy is necessarily limited. It stops once we have determined that a full inquiry was made, and that the choice which resulted has support in the record. Gilbertville Trucking Co. v. United States, 371 U.S. 115, 130, 83 S.Ct. 217, 9 L.Ed.2d 177 (1962). Within these limits, however, we think the order cannot stand.

■ The Commission seems to have confused the issue of product effectiveness with that of trade name ambiguity. As its complaint was drawn, it carefully avoided the claim that petitioner's product had no effect. Cf. In the matter of Pioneers, Inc., 52 F.T.C. 1351 (1956). Although it was stipulated that Lifetime Charge would not put a charge on a battery, there is no evidence in the record to support a finding that the product has no effect in preserving an existing battery charge or prolonging useful battery life. The stipulations which petitioner made relate to ambiguity of claim, not falsity of claim. The only issue which would be proper to reach on the record is whether the words "lifetime charge" can be limited so as to make unambiguous the claim that the product will conserve battery charge and prolong battery effectiveness. Yet the Commission's remand to the hearing examiner required the presentation of evidence in support of the truth of that claim. The failure to produce such evidence stimulated the Commission's recall of the remand and its final order. The Commission apparently felt that petitioner must show not only that elimination of the conceded ambiguity is possible, but also that an unambiguous claim would be true. We do not think that a manufacturer making an unambiguous claim could be ordered to cease and desist from making the claim without some affirmative showing by the Commission of falsity. Here, not even the complaint alleges that the petitioner's claim for its product, if made by proper qualification of its trade name, would be false or deceptive.

■ The Commission must give careful consideration to the possibility of qualification before concluding that no change short of excision of a trade name will protect the public adequately under the Act. Jacob Siegel Co. v. Federal Trade Comm., 327 U.S. 608, 66 S.Ct. 758, 90 L.Ed. 888 (1946). Where the complete destruction of a substantial private interest is at issue, ordinary fairness requires such care. Churchill Tabernacle v. Federal Communications Comm., 81 U.S.App.D.C. 411, 414, 160 F.2d 244, 248 (1947). So long as the Commission agrees that the ability of petitioner to qualify its trade name remains an open question, it cannot deprive petitioner of this valuable asset without affording him a full hearing on the issue. Gilbertville Trucking, *supra*. As the result of the Commission's peremptory withdrawal of the case from the hearing examiner, petitioner was never afforded an opportunity to present evidence relevant to the remedies problem, or even to argue that the material he offered to present was relevant to the Commission's consideration of the problem.

■ Petitioner must have a full hearing on the issue of remedy. On the present complaint, that hearing would be limited to the question whether the ambiguities of its trade name can be eliminat-

---

3. Compare Continental Wax Corp. v. Federal Trade Comm., 330 F.2d 475 (2d Cir. 1964).

ed. However, we find no other Commission error. In particular, we find no error in the Commission's finding that the danger of continued deception by this product is great. Accordingly, we remand this order to the Commission, with instructions to order a prompt hearing at which evidence may be received and arguments presented on the question of remedy, and to then determine that question, as here limited. We further direct that during the pendency of this hearing and determination, the Commission's order will be enforced, as if this were a simple affirmance, compare Dolcin Corp. v. Federal Trade Comm., 94 U.S.App.D.C. 247, 219 F.2d 742, cert. denied, 348 U.S. 981, 75 S.Ct. 571, 99 L.Ed. 763 (1955), without prejudice to the right of petitioner to seek further relief from this court in the event of delay. Nothing in this opinion should be construed to prevent the Commission, in its discretion from filing a further complaint, urging the falsity of Magnaflo's claims that its product will preserve existing battery charges and extend the period of time during which a user may expect efficient battery performance.

So ordered.